UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:22-CR-00181 |
| ) | Judge Richardson |
| ARTEMIO RAMIREZ, ) | |
| ) | |
| Defendant. ) | |

FORFEITURE MONEY JUDGMENT

Based on the Defendant's consent, the pleadings in this matter and the facts of the case, the Court finds as follows:

The Defendant was charged in the sole count of the Information with a violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i).

The Forfeiture Allegation of the Information gave notice that upon conviction of the offense as charged in the Information, pursuant to 18 U.S.C. § 982(a)(6) and 18 U.S.C. § 1324(b) by 26 U.S.C. § 2461(c), the Defendant would be liable to forfeit to the United States any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense of which the person is convicted; and any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense of which the person is convicted or is used to facilitate, or is intended to be used to facilitate violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i), including a money judgment in an amount representing the value of the gross proceeds traceable to the commission of the violation.

The Forfeiture Allegation of the Information also gave notice to the Defendant that the United States shall be entitled to forfeiture of substitute assets of the Defendant up to the value of the money judgment.

The Defendant consents to the entry of the requested money judgment and has acknowledged that the proceeds of his offense are $7,500 United States currency.

There is, therefore, a preponderance of evidence that the value of the gross proceeds traceable to the commission of the violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i) is $7,500 United States currency. This sum is forfeitable to the United States.

It is, therefore, ORDERED that:

A. A Consent Order of Forfeiture Consisting of a $7,500 United States currency Money Judgment as to the Information ("Order of Forfeiture") is hereby entered against the Defendant. At sentencing, this Order shall become final and shall be included in the Court's Judgment.

B. The United States may engage in discovery — including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas — without further application to the Court to facilitate the identification and location of property declared forfeited, substitute assets, and to facilitate the disposition of any petitions for remission, mitigation or restoration.

C. The United States Probation and Pretrial Services will provide the Defendant's Presentence Report and all supporting documentation to the Asset Forfeiture Unit of the United States Attorney's Office for use in discovery.

D. Any financial statement submitted in this matter for a *pro bono* attorney by the Defendant is hereby released to the Asset Forfeiture Unit of the United States Attorney's Office for use in discovery.

E. The IRS shall release any of the Defendant's tax returns — to the Asset Forfeiture Unit of the United States Attorney's Office —for the years beginning 2016 through the pendency of the payment of the full amount of forfeiture.

F. The Defendant shall remain personally liable upon the money judgments entered herein until payment is made in full.

G. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED this __2nd__ day of ____April_____ 2024.

*Eli Richardson*
ELI RICHARDSON
United States District Court Judge